ANSTEAD, Judge.
This is an appeal from a non-final order granting the motion to dismiss by appellee, Wilhelm Gohmann, a resident of West Germany, based on the improper service of process on his attorney-in-fact. This court has jurisdiction to hear this appeal pursuant to rule 9.030(b)(1)(B), Florida Rules of Appellate Procedure. We reverse.
The appellant, Heinz Paving & Asphalt Company, Inc., worked on Gohmann’s property in Palm Beach County. It performed certain construction work pursuant to a subcontract with the general contractor that was hired to improve the property. Heinz was not paid for the improvements, so it filed claims of liens on the property. Subsequently, Heinz filed the Complaint in the instant case to foreclose the liens.
Gohmann lives in Germany. He executed a document that gave his attorney, Marvin Escher, of New York City, power of attorney concerning the property that he owns in Florida. He filed that document in the Palm Beach County Courthouse on August 30, 1985. Escher filed affidavits in 1986 and 1987 in the Palm Beach County Courthouse that stated that his power of attorney in behalf of Gohmann was still in effect. The grant of the power of attorney reads in part:
giving and granting unto ... to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully, to all intents and purposes, as I might or could do if personally present at the doing thereof, with full power of substitution and revocation, hereby ratifying all that he, our said attorney, or his substitute, shall lawfully do or cause to be done by virtue hereof.
Heinz served a summons on Escher, as Gohmann’s attorney-in-fact, pursuant to the provisions for substituted service provided in section 48.071, Florida Statutes.
*116 Although the issue is a novel one, we conclude that under the circumstances of this case Escher was an authorized agent for the purpose of accepting service of process in a suit involving Gohmann’s property. Section 48.071, Florida Statutes, is entitled, “Service on agents of nonresidents doing business in the state.” It provides for substitute service when a nonresident defendant engages in business in Florida:
When any natural person or partnership not residing or having his or their principal place of business in this state engages in business in this state, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services. Any process so served is as valid as if served personally on the nonresident person or partnership engaging in business in this state in any action against the person or partnership arising out of such business. A copy of such process with a notice of service on the person in charge of such business shall be sent forthwith to the nonresident person or partnership by registered or certified mail, return receipt requested. An affidavit of compliance with this section shall be filed before the return day or within such further time as the court may allow.
Under 48.071 process may be served on the agent or person who is in charge of any business in which the defendant is engaged within Florida at the time of service. Escher appears to be such an agent. Having designated Escher as his attorney-in-fact in Florida for all purposes concerning the property in question, Gohmann should not be surprised if Escher is served with process concerning the property. Gohmann has, in essence, designated Escher as his legal agent. Gohmann contends that section 48.071 requires that the agent of the defendant be served in Florida. However, no case law to support this contention is cited. Rather, a reading of the statute indicates that it is the nonresident defendant’s business that must be in Florida, not the defendant’s agent.
Accordingly, for the reasons enunciated above, we reverse the lower court’s order and remand for further proceedings consistent herewith.
HERSEY, C.J., and WALDEN, J., concur.